Farah Loftus, Law Office of Farah Loftus, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM **

Dewi Sari Kasim, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, summarily affirming an Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review for substantial evidence adverse credibility findings. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). When the BIA adopts the IJ's credibility determination, we examine the IJ's reasons for deeming the person not credible. *Id.*

The adverse credibility determination is not supported by substantial evidence. To the extent that the IJ identified inconsistencies, they were minor or did not go the heart of the claim. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). Because the adverse credibility determination was not supported by substantial evidence, we remand to the BIA for further proceedings. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

In the opening brief, Kasim failed to raise, and therefore has waived, any challenge to the IJ's determination that she is ineligible for CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW GRANT-ED and REMANDED.**

**Dewi KARTIKA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71659.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

Joseph S. Porta, Esq., Law Offices of Cohen Porta & Kim, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Douglas E. Ginsburg, Esq., John M. McAdams, Jr., Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN and PAEZ, Circuit Judges.

## MEMORANDUM **

Dewi Kartika, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' decision, summarily affirming an Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003), and we deny the petition.

Substantial evidence supports the IJ's finding that Kartika failed to demonstrate past persecution. See *Singh v. INS,* 134 F.3d 962, 970–71 (9th Cir.1998). Substantial evidence further supports the IJ's finding that Kartika failed to establish a well-founded fear of future persecution, because she failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004). Accordingly, Kartika's asylum claim fails.

Because Kartika cannot meet her burden to demonstrate eligibility for asylum, she necessarily fails to meet the more stringent standard for withholding of removal. See *Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Substantial evidence also supports the denial of CAT relief. See *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

